```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

AMY UPSHAW,

        Plaintiff,

v.                              Case No:  2:13-cv-649-Ftm-29UAM

DEPUTY MCGEE, DEPUTY LAZENBY
and LIEUTENANT PAVESE,

        Defendants.
_____/

## ORDER OF DISMISSAL

Presently pending before the Court is a motion to dismiss filed by Defendants Deputy Alison McGee, Deputy Jamison Lazenby, and Lieutenant Paul Pavese (collectively, "Defendants") claiming that Plaintiff failed to exhaust her administrative remedies at the Lee County Jail prior to filing this lawsuit (Doc. 17, filed November 19, 2013). Despite being directed to do so (Doc. 19), Plaintiff has not filed a response to Defendants' motion. Because the Court agrees that Plaintiff's Complaint (Doc. 1) is subject to dismissal for failure to exhaust, Defendants' motion to dismiss (Doc. 17) is **GRANTED**.

### I.  Background

According to Plaintiff, on February 3, 2013, while incarcerated at the Lee County Jail, she was assaulted by Defendant McGee (Doc. 1 at 5). Plaintiff asserts that since the assault, she has suffered from severe shoulder and back pain. Id.

Approximately two weeks after the alleged assault, Plaintiff was interrogated by Defendants Lazenby and Pavese who insinuated that the assault may have been her fault and told her that if the allegations against Defendant McGee were untrue, she would have more charges brought against her. Id. at 5-6. As relief, Plaintiff seeks to have the defendants punished. Id. at 6-7.

Defendants now move to dismiss the complaint claiming that Plaintiff failed to exhaust her administrative remedies.[1] Defendants also claim that Plaintiff has failed to state a claim for assault; that no cause of action exists for the allegations against Defendants Lazenby and Pavese; that Defendants are entitled to qualified immunity; and that Plaintiff's claim for punitive damages should be stricken because Plaintiff has not alleged any facts that, if proven, would meet the standard necessary to award punitive damages against Defendants (Doc. 5 at 4-9). Defendants have submitted the affidavit of Thomas Eberhardt, a Major in the Lee County Sheriff's Office who worked at the Lee County Jail, in support of their motion to dismiss (Doc. 21-1, "Affidavit").

---

[1] "The exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is a matter in abatement that should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment." Tilus v. Kelly, 510 F. App'x 864, 865 (11th Cir. 2013).

## II. Discussion

Title 42, United States Code § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." When a grievance procedure is provided for prisoners, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a 42 U.S.C. § 1983 lawsuit. Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005). The argument that a plaintiff has failed to satisfy § 1997e(a) is properly raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss [.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. Id. at 1376.

Deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court must look at the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true. Id. If, taking the plaintiff's facts as being true, the defendant is entitled to

3

dismissal for failure to exhaust, then the complaint should be dismissed. Id.  If the complaint is not subject to dismissal at the first step, the court may then make specific findings in order to resolve the disputed factual issues related to exhaustion. Id. The defendant bears the burden of proof during this second step. Id.

This case can be resolved at step one of the inquiry explained above.  Defendants have presented evidence that the Lee County Jail has a grievance procedure which would have provided an administrative remedy for Plaintiff's allegations in her complaint (Affidavit at ¶ 6).  Major Eberhardt's affidavit states that grievance records are digitally maintained and that "there is no record of Amy Upshaw having utilized the grievance procedure to report the allegations in the Civil Rights Complaint Form." (Affidavit at ¶ 7).  The affidavit states that "Amy Upshaw has not filed a formal grievance against Deputy McGee, Deputy, Lazenby, Lieutenant Pavese, or [Eberhardt]." Id. at ¶ 8.

Plaintiff does not assert in her complaint that she filed any grievance concerning the incident giving rise to the lawsuit. Likewise, Plaintiff has made no response to Defendants' motion to dismiss despite being ordered to do so.  Accordingly, there is no conflict in the record, and even accepting Plaintiff's facts as being true, Defendants are entitled to dismissal of the complaint for failure to exhaust. Turner, 541 F.3d at 1082.  Because the

4

complaint is dismissed for failure to exhaust, the Court will not address Defendants' remaining arguments for dismissal.

### III. Conclusion

ACCORDINGLY, it is hereby **ORDERED:**

1. The motion to dismiss filed by Defendant Alison McGee, Defendant Jamison Lazenby, and Defendant Paul Pavese (Doc. 17) is **GRANTED**. Plaintiff's complaint (Doc. 1) is dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies.

2. The **Clerk of Court** is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this __28th__ day of January, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4 1/28/14
Copies to: counsel of record, *pro se* plaintiff

5